UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ABBAS,

        Petitioner,

                                              CASE NO. 2:18-cv-12642
v.                                     HONORABLE NANCY G. EDMUNDS

NOAH NAGY,

        Respondent.
_____/

**ORDER SUMMARILY DISMISSING THE HABEAS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. Introduction

Petitioner Ali Abbas, a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted of first-degree murder in Wayne County Circuit Court and sentenced to mandatory life imprisonment without the possibility of parole.

On appeal to the Michigan Court of Appeals, Petitioner argued that (1) the trial court abused its discretion in denying his request to retain new counsel, (2) the trial court's jury instructions on causation deprived him of a fair trial, (3) the trial court erred in declining to rule on the voluntariness of a statement he allegedly made to the police, and (4) he was denied effective assistance of counsel when his attorney (a) acquiesced in the trial court's ruling on the voluntariness of his custodial statement, (b) failed to raise Petitioner's invocation of his right to remain silent as a ground to suppress the custodial statement, and (c) failed to object to the trial court's jury instructions on causation. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's conviction. *See*

*People v. Ali*, No. 229326, 2002 WL 1923691 (Mich. Ct. App. Aug. 20, 2002). On January 31, 2003, the Michigan Supreme Court denied leave to appeal. *See People v. Ali*, 656 N.W.2d 526 (Mich. 2003) (table).

On August 22, 2018, Petitioner filed his habeas corpus petition. His sole ground for habeas relief is that he was not represented by counsel at his arraignments in state district court and in state circuit court. Petitioner contends that, because he was deprived of his constitutional right to counsel at critical stages of the proceedings, all subsequent proceedings were void. He wants the Court to vacate his conviction and sentence and order his immediate release from state custody.

## II. Discussion

A preliminary question is whether Petitioner exhausted state remedies for his claim. The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner bears the burden of proving that he exhausted state remedies, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994),

and a federal district court ordinarily must dismiss a habeas petition containing any claims that were not exhausted in state court. See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

Petitioner has not alleged that he exhausted state remedies for his claim, and it does not appear that he raised his claim on direct appeal. Although he relies in part on Rothgery v. Gillespie Cty., Tx., 554 U.S. 191 (2008),[1] which was decided after Petitioner's conviction and appeal became final, he could file a motion for relief from judgment in the state trial court. See generally Subchapter 6.500 of the Michigan Court Rules ("Post-Appeal Relief"); see also Mich. Ct. R. 6.502 ("Motion for Relief from Judgment"). Appeals from the denial of a motion for relief from judgment are by application for leave to appeal in the Michigan Court of Appeals, see Mich. Ct. R. 6.509(A), and in the Michigan Supreme Court, see Mich. Ct. R. 7.305.

Petitioner contends that his jurisdictional claim falls outside the scope of Subchapter 6.500. See Pet. for Writ of Habeas Corpus, p. 1, and Brief in Support of Pet. for Writ of Habeas Corpus, p. 1. Jurisdictional claims, however, may be raised at any time, People v. Washington, 908 N.W.2d 924, 929 (2017) (quoting People v. Martinez, 535 N.W.2d 236, 238 (1995)), and a conviction and sentence that are no longer subject to appellate review may be reviewed only in accordance with Subchapter 6.500. See Mich.

---

[1] In Rothgery, the Supreme Court held that "a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." Rothgery, 554 U.S. at 213.

Ct. R. 6.501; *see also* Mich. Ct. R. 6.501, 1989 Staff Comment (stating that "Subchapter 6.500 establishes a procedure for postappeal proceedings challenging criminal convictions").

### III. Conclusion

Petitioner has not carried his burden of showing that he exhausted state remedies for his claim, and he has an available state remedy to exhaust. Accordingly, the Court summarily dismisses the petition without prejudice.

The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court denies leave to appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

*Nancy Edmunds*
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: 10/10/18